UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND,<br><br>            Plaintiff,<br><br>    v.<br><br>CENTURY INDEMNITY COMPANY,<br><br>            Defendant.<br><br>CENTURY INDEMNITY COMPANY,<br><br>            Third-Party Plaintiff,<br><br>    v.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, et al.,<br><br>            Third-Party Defendants. | Civil Action No.: 02-12062RWZ<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF CENTURY'S RENEWED MOTION TO COMPEL DOCUMENTS IMPROPERLY WITHHELD ON PRIVILEGE GROUNDS**<br><br>**Docket #150** |

HARE & CHAFFIN
160 Federal Street, Floor 23
Boston, Massachusetts 02110-1700
(617) 330-5000

- and -

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

Attorneys for Century Indemnity Company

Defendant, Century Indemnity Company ("Century" or "Defendant"), as successor to CCI Insurance Company, as successor to Insurance Company of North America ("INA") as successor to Indemnity Insurance Company of North America ("IINA"), respectfully submits this memorandum of law in support of its renewed motion to compel Boston Gas to produce documents improperly withheld on privilege grounds ("Renewed Motion to Compel" or "Motion").

## SUMMARY OF ARGUMENT

Boston Gas has now had nearly a full year to cure the numerous deficiencies in its privilege logs – yet it has failed to do so.  Century first brought this Motion on June 11, 2004.  At that time, Century provided the Court with at least seven categories of documents that were illustrative of the deficiencies in the Boston Gas privilege logs.  Since then, Boston Gas has supplemented its privilege logs and/or revised its privilege logs on at least four separate occasions.  Despite each of these revisions and/or supplements, the Boston Gas privilege logs remain riddled with errors and deficiencies.

Below, Century has identified well over 2,000 documents within seven (7) separate categories of documents for which Boston Gas has still failed to substantiate its privilege assertions.[1]  Boston Gas has not and cannot demonstrate a factual and/or legal basis for these assertions because none exists.  For many of these categories, Boston Gas has not even attempted to provide Century or this Court with the purported factual and/or legal basis to support its privilege assertion.  Instead, Boston Gas claims that Century's challenges are late.  As demonstrated convincingly by the record below, Boston Gas takes this baseless position in a feeble attempt to distract the Court from its own inexcusable delay and to mask the numerous deficiencies of its privilege logs.  Boston Gas simply has not met its burden on this Motion and

this Court should compel Boston Gas to produce each of the documents identified in the seven (7) categories above, and discussed more fully below.

In addition, Century has identified at least two other categories of documents that merit an *in camera* review.[2]  These two categories, totaling approximately 250 documents, consist of highly relevant draft environmental reports, correspondence, Screening Program documents, and other internal memoranda that are likely to be significant to many of Century's defenses.  In particular, many of these documents relate directly to the Everett site, which is tentatively set for trial this Fall.  These two discrete categories of documents warrant an *in camera* review because Boston Gas has engaged in unreliable revisionist history.  Specifically, Boston Gas claims that "prepared at the request of counsel" and "subject to review by counsel" now mean the same thing as "reflecting the advice of counsel."  Boston Gas' after-the-fact assertions are not credible and merit the scrutiny of an *in camera* review.  Century therefore respectfully ask this Court to have a Magistrate Judge perform an *in camera* review of the documents identified in Appendices 8-9.

STATEMENT OF FACTS

Century's Original Motion to Compel

Century first brought this Motion to Compel on June 11, 2004.  At that time, Boston Gas had identified over *4,100* separate documents that Boston Gas and its consultants had withheld on purported privilege grounds.  By its Motion, Century challenged each of the privilege logs produced by Boston Gas and its consultants.  Specifically, Century challenged Boston Gas' original privilege log, dated July 17, 2003, its supplemental privilege log, dated March 2004, and its consultant privilege logs produced on May 26, 2004.  See Century Opening Brief, dated June 11, 2004, at 1; see also Heskin Aff., dated June 11, 2004.

---

[1] These documents are identified by Appendices 1-7, annexed hereto.

In support of its Motion, Century noted that "[g]iven the sheer volume of the thousands of documents improperly withheld from production by Boston Gas, it is impossible to separately address each document being challenged by Century on this Motion. For that reason, Century offers representative examples of those documents improperly withheld on this motion." Century Opening Brief at 5. In its Reply, Century also made clear that its Motion was not limited to only those examples identified in its Motion. Century specifically stated throughout its Reply that the examples identified were "merely a representative sample and does not include [examples from] Boston Gas' two other voluminous privilege logs. Indeed, there are numerous similar examples contained in both of the other logs." Century Reply at 2, n.4.

Century provided representative examples for two purposes. First, Century hoped that the Court's guidance on these representative samples would assist the parties in resolving the privilege issues on their own and without resort to an *in camera* review. <u>See</u> Century Opening Brief at 1, 5. Second, and in the alternative, Century offered representative samples to support its right to an *in camera* review in the event that the privilege issues could not be resolved with the assistance of the Court. <u>See</u> Century Opening Brief at 1; Century Reply at 1. Between its Opening Brief and its Reply, Century identified hundreds of examples of improperly withheld documents on purported privilege grounds. By these examples, Century overwhelmingly demonstrated that Boston Gas' privilege logs were wholly unreliable, thus entitling Century to an *in camera* review.

In fact, based on the specific examples identified by Century, Boston Gas admitted that many of the entries on its privilege logs were erroneous. For instance, Boston Gas had misidentified Carl Martinello as an attorney and had withheld scores of other Screening Program documents that predated the Screening Program. None of these documents was subject to any

---

[2] These documents are identified by Appendices 8-9, annexed hereto.

attorney-client privilege or attorney-work product privilege of any kind.  Consequently, Boston

Gas de-privileged these documents and produced them along with other documents, which

totaled 6,000 pages, on August 5, 2004.  See Letter from Boston Gas to Century, dated August 5,

2004, annexed as Ex. A to the Declaration of Shane R. Heskin, dated May 25, 2005 ("Heskin

Decl.").  Significantly, Boston Gas did not revise its privilege log to account for the de-

privileged documents and did not identify which log entries were no longer in dispute.

Almost five months after Century filed its Original Motion, Boston Gas and its

consultant, Haley & Aldrich, served supplemental privilege logs on October 26, 2004 and

October 29, 2004, respectively.  Between the two supplemental privilege logs, Boston Gas and

its consultant identified over *one thousand* documents being withheld.  Many of the documents

were withheld on the same improper bases that Century had previously challenged by its

Original Motion.  In fact, on November 30, 2004, Century supplemented the record on its

Motion to include additional specific examples from Boston Gas' Third Supplemental Privilege

Log.  See Century's Motion to Supplement Century's Motion to Compel Privileged Documents,

dated November 30, 2004 at 3, ¶ 6 (identifying "a sampling of at least ten documents created in

the 1980s, which Boston Gas has incorrectly identified as 'Screening Program' documents.

...The documents identified by Exhibit E are meant to be illustrative, not exhaustive").

The December 1, 2004 Hearing

Century's motion to compel was heard on December 1, 2004.  At that time, the Court

identified at least seven categories of documents that it believed were in dispute:  (1) draft

environmental reports; (2) ancient documents; (3) Screening Program documents; (4) general

corporate records; (5) Carl Martinello documents; (6) consultant documents placed at issue by

this coverage litigation; and (7) LECG documents projecting future costs.  See Trans. of Motions

Hearing on December 1, 2004, at 46, annexed as Ex. B to the Heskin Decl. ("Hearing Trans.").

Importantly, the Court did not limit Century's challenges to only those seven categories, nor did Century agree that its Motion was limited to these seven categories.[3]   See id. at 47 ("There may be others, but this is how I viewed the motion.").   Rather, the Court and the parties merely agreed to use the Court's guidance on these seven categories to attempt to resolve any remaining issues with regard to the privilege logs of Boston Gas and its consultants.  Specifically, the Court and Century's counsel stated

> I have an idea.  What I should do is tell you, as I went through these categories, as I told you a moment ago, and I made – and if you want me to go through it again and expand on it, I will.  Tell you what I think about it based on what I looked at.  And then you should take that and see whether you can now get together on it and give to me a more precise list, if you still can't agree on it, and then I'll deal with it.

> MR. ALTIERI:  Your Honor, I think that's a helpful suggestion and I would like to work with Mr. Gibbons and Mr. Elkind on doing it, doing it as promptly as we can, because we want to move this as quickly as possible.

Id. at 53.

At the conclusion of the December 1, 2004 hearing, it was therefore agreed that Boston Gas and Century were to take the Court's guidance and attempt to resolve any remaining privilege issues.  Century agreed to narrowly define any remaining issues for the Court in the event that the parties could not reach an agreement on all issues.

December 8, 2004 Status Conference

At the December 8, 2004 status conference, Boston Gas represented that it was in the process of reviewing its privilege log and that it had identified documents that should be produced.  See Heskin Decl. at ¶ 4.  Boston Gas also stated that after it had completed its review,

---

[3] In fact, Century specifically identified an eighth category at the motions hearing.  Specifically, Century pointed out that Boston Gas' privilege log fails to correlate the privilege log entries with documents already produced.  Boston Gas claims that many of the documents withheld on privilege grounds have already been produced.  Century correctly pointed out that, if true, there was no way of knowing it from Boston Gas' privilege log.  This is a significant problem with Boston Gas' privilege logs that is discussed in greater detail infra.

Boston Gas would provide Century with a revised and whittled-down privilege log.  See id. at ¶ 5.  Boston Gas also promised to furnish Century with an electronic copy of its log.  See id. at ¶ 6.  Century had previously requested an electronic copy of the privilege log to assist it with analyzing Boston Gas' privilege assertions.  Despite Boston Gas' representation, Boston Gas now refuses to supply Century with an electronic copy of its privilege log.  See Letter from Boston Gas to Century, dated April 19, 2005, annexed as Ex. C to the Heskin Decl.  Century was thus forced to expend several thousand dollars unnecessarily in order to create an electronic version of the Boston Gas privilege logs.  See Heskin Decl. at ¶ 7.

Efforts to Resolve the Privilege Log Dispute

### Boston Gas Refused to Consider Century's Privilege Concerns

Boston Gas promised to "revise" its privilege log in early December 2004.  By the end of January 2005 – almost two months later, Boston Gas still had not provided Century with its "revised" privilege log.  Century, therefore, conducted an entry-by-entry review of Boston Gas' privilege logs and identified several hundred specific documents that Century disputed.  See Letter from Century to Boston Gas, dated January 24, 2005, annexed as Ex. D to the Heskin Decl.  Century also broke out the documents into sixteen narrower categories of disputed documents per the Court's instructions.[4]  Many of the categories are simply subsets of the seven categories previously identified by the Court.  Some of the categories, however, were newly identified.  Most of these "new" issues arose directly from Boston Gas' Third Supplemental Privilege Log, which was ***produced almost five months after Century first brought its original Motion***.  These categories are discussed more fully below.

In response to Century's efforts, Boston Gas categorically refused to consider any of

---

[4]  Century did not provide specific examples from the consultant logs, but explicitly noted that Century had the same concerns with the consultant logs.  Century offered these entries for illustration only and asked that all logs, including the consultant logs, be amended accordingly.

Century's challenges that Boston Gas did not believe fell into one of the seven specific categories identified by the Court at the December 1, 2004 hearing. See Letter from Boston Gas to Century, dated January 28, 2005, annexed as Ex. E to the Heskin Decl. Boston Gas also took the position that Century's motion was limited to only the specific examples cited by Century in its Motion. Century objected to Boston Gas' interpretation of the Court's instructions and its characterization of the Motion. First, Century understood that the Court had instructed the parties to "get together on it and give to [the Court] a more precise list." Hearing Trans., at 53, annexed as Ex. B to the Heskin Decl. Century did not understand the Court to limit Century's challenges to only those seven categories. Second, Century repeatedly stated in its motion papers that the examples identified were merely illustrative and not exhaustive. See, e.g., Century Opening Brief at 5; Century Reply at 2, n.4. Century further noted that many of the "additional disputed entries/issues [are] raised by Boston Gas' most recent supplemental privilege log, which was produced long after Century brought this motion." Letter from Century to Boston Gas, dated January 31, 2005, annexed as Ex. F to the Heskin Decl.

> Boston Gas Never "Revised" its Privilege Log and
> Refused to Provide Century with Necessary Information

Boston Gas did not provide Century with a complete copy of its "revised" privilege log until May 5, 2005 – over *six months* after the December 1, 2004 hearing. Significantly, Boston Gas only provided Century with a complete copy of its "revised" privilege log after Century had asked Boston Gas on four separate occasions to comply with the Court's instructions. See Letter from Century to Boston Gas, dated May 2, 2005, annexed as Ex. G to the Heskin Decl.; Letter from Boston Gas to Century, dated May 5, 2005, annexed as Ex. H to the Heskin Decl. Boston Gas offered no explanation for its unreasonable delay and simply ignored each and every letter by Century requesting an explanation.

7

Boston Gas had provided Century with part of its purported "revised" privilege log on March 19, 2005 – still nearly *four months* after Boston Gas had promised to provide a revised log.[5]  See Letter from Century to Boston Gas, dated March 22, 2005, annexed as Ex. I to the Heskin Decl.  This partially "revised" privilege log, however, was not a winnowed-down version of its previous log as promised at the December 8 hearing.  Instead, Boston Gas hand selected the entries that it decided fell into the seven specific categories identified by the Court.  Significantly, Boston Gas only selected 700 of the almost 5,000 entries that are being challenged by this Motion.  See Boston Gas Partially "Revised" Privilege Log, annexed as Ex. J to the Heskin Decl.  Boston Gas then revised its privilege log and de-privileged documents from only those 700 entries.  Again, Boston Gas refused to hear any challenges from Century unless the entry was contained within the 700 entries Boston Gas hand selected.

Immediately upon receiving the purported "revised" privilege log, Century asked Boston Gas to set forth a schedule under which the parties could quickly resolve their disputes.  It was Century's desire to brief "any remaining issues" by the then scheduled April 14 status hearing.  See E-mail from Shane Heskin to John Gibbons, dated March 20, 2005, annexed as Ex. K to the Heskin Decl.  Century and Boston Gas then spoke by phone on March 22, 2005, wherein Boston Gas again refused to consider any challenges by Century that fell outside the 700 entries selected by Boston Gas.  See Letter from Century to Boston Gas, dated March 22, 2005, annexed as Ex. I to the Heskin Decl.  Boston Gas also was not willing to discuss a briefing schedule.

Notwithstanding Boston Gas' position, Century continued to make a good-faith effort to resolve the privilege issues.  During the March 22 discussion, Century also asked Boston Gas to provide it with the Bates numbers of the documents that it had de-privileged.  See Heskin Decl.

---

[5] This "revised" privilege log only included revisions for two of the four privilege logs being challenged by this Motion.

at ¶ 8.  One of the many problems with the Boston Gas privilege logs is that Boston Gas uses separate Bates numbers for its privilege log and its document production.  In its "revised" privilege log, Boston Gas had provided Century with only a handful of the Bates numbers for the documents that it had de-privileged.  Century requested this basic information so that Century could confirm that documents had in fact been de-privileged and produced.  Century also requested this information because Boston Gas' privilege log indicates that documents have been redacted, but there is no way of matching up the privilege log entry with the redacted document.  Therefore, by looking at a redacted document Century cannot determine the basis of the privilege asserted.  Boston Gas refuses to provide this necessary information to Century.

> The Boston Gas "Revised" Privilege Log Contains Numerous
> Entries That Boston Gas Purports Have Been Produced

In response to Boston Gas' partially "revised" privilege log, Century identified numerous examples of entries that were improper pursuant to the Court's guidance.  For example, Century identified at least nine (9) entries that identified documents withheld on the basis that Carl Martinello was an attorney.  Boston Gas admits that Carl Martinello is not an attorney and that there is no basis to withhold these documents on privilege grounds.  Century also identified at least ten (10) entries withholding documents purporting to be Screening Program documents, which were prepared years before the Screening Program even began.  Boston Gas admits that there is no privilege basis for these documents.  Yet, these entries are still contained on Boston Gas' partially "revised" privilege log.  Boston Gas does not deny that these entries are improper.  Instead, Boston Gas alleges that these documents have been produced.

> Boston Gas Has Refused to "Revise" its Consultant
> Privilege Logs According to the Court's Guidance

Boston Gas has refused to revise its consultant privilege logs according to the guidance the Court provided the parties at the December 1, 2005 motions hearing.  Boston Gas argues that

9

Century has "not identified any specific objection to the consultant logs, and Century never raised the issue of consultant logs during the Hearing." Letter from Boston Gas to Century, dated April 19, 2005, annexed as Ex. C to the Heskin Decl. Boston Gas is incorrect. On page one of Century's original motion, Century specifically states that its motion includes the consultant logs. See Opening Brief at 1 ("In the alternative, the Court should appoint a magistrate or discovery master to perform an *in camera* review of all documents identified on the privilege logs produced by Boston Gas *and its consultants*.") (emphasis added). In addition, Century stated in its reply papers that each of the examples identified by its motion papers applied equally to all three of the privilege logs produced by Boston Gas and its consultants. See Reply at 2 n.4. ("This figure is merely a representative sample and does not include Boston Gas' two other voluminous privilege logs. Indeed, there are numerous similar examples contained in both of the other logs."). Century also attached a copy of the consultant logs to its original motion.

Boston Gas Has Refused to Provide Century with an
Electronic Copy of its Privilege Log

Despite Boston Gas' representation at the December 8, 2005 status hearing, Boston Gas now refuses to provide Century with an electronic copy of its privilege logs. Century has asked for an electronic copy of the numerous privilege logs to assist it with analyzing the privilege assertions made by Boston Gas. An electronic copy of the privilege logs allows Century to perform specific searches and sort specific categories of entries. Due to Boston Gas' decision not to cooperate, Century was forced to convert each of the Boston Gas privilege logs into electronic form at its own considerable expense.

## ARGUMENT

It is well settled that Boston Gas has the burden of proof on this Motion. As such, Boston Gas must provide sufficient facts supporting each of its privilege assertions. See, e.g., Colonial Gas

10

Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992) (stating burden of proof lies

with party resisting discovery).  In order to meet its burden, Boston Gas must provide Century and

the Court with a privilege log that provides sufficient detail to determine the applicability of the

privilege.  See, e.g., Moloney v. United States, 204 F.R.D. 16, 20 (D. Mass. 2001) ("[E]nough

information must be supplied so that the court can determine whether the asserted privilege is

applicable.") (quoting 6 Moore's Federal Practice, § 26.90 [1] (Matthew Bender 3d ed.));

Generalized statements of privilege are insufficient.  See, e.g., In re GHR Cos., Inc., 41 B.R. 666,

667 (Bankr. D. Mass. 1984); ("Conclusory statements are not sufficient to support a claim of

privilege.").  As discussed immediately below, Boston Gas has failed to meet its burden for each

category of documents identified by this Motion.  Boston Gas has now had nearly a full year to

cure its privilege logs, but has failed to do so.  This Court should now order Boston Gas to produce

each of the documents identified in the eight (8) separate categories below.

Documents Where No Privilege Has Been Demonstrated

>Documents That Fail To Identify Litigation
>For Which They Were Prepared

Boston Gas continues to withhold over 2,000 documents on the purported basis of work-

product privilege, but fails to identify the litigation for which they were "primarily" prepared.  In

order to claim a work-product privilege, the document must be prepared for the "primary"

purpose of litigation.  See, e.g., Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics,

Inc., No. 00-CV-0783 (JLT), 2001 WL 1180694, at *2 (D.Mass. Sept. 25, 2001) (A document is

work-product only if "the primary motivating purpose underlying the preparation of the

[document] was to aid in future litigation").   If the document meets the "primary" prong of the

privilege assertion, the litigation for which the document was prepared must be identified.  See,

e.g., In re Grand Jury Subpoena, 220 F.R.D. 130, 145 (D. Mass. 2004) ("at a minimum, [a party]

seeking to withhold a document in its entirety by invoking the work product doctrine...must identify the litigation for which the document was created"). Boston Gas has failed to identify any litigation for which it asserts a work-product privilege.

In Appendix 1, annexed hereto, Century has identified 2,132 documents that continue to be withheld on work-product grounds, but as to which Boston Gas fails to identify the litigation for which they were "primarily" prepared. Century specifically objected to these wholesale work-product objections back in June 2004. See Opening Brief at 12-15. Boston Gas has now had almost a full year to cure these deficiencies but has not. This Court should therefore compel Boston Gas to produce each of these documents forthwith. For the convenience of the Court, Century sets forth below illustrative examples of entries that fall into this category:[6]

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| 89 | 10/14/1992 | letter | consulting agreement for environmental services during Everett NGVS construction | H&A | JLM | | | WPP |
| 91 | 10/2/1992 | draft | draft letter to DEP re: request for approval for construction Natural Gas Fueling Station in Everett, MA | KEF | file | | | WPP |

Documents Failing To Indicate Any Attorney-Client
Privilege Or Work-Product Privilege Whatsoever

Boston Gas continues to withhold nearly 200 documents on the purported basis of attorney-client and/or work-product privilege where no privilege whatsoever is identified. As for the assertions of attorney-client privilege, the descriptions do not identify any *attorney* with whom the purported attorney-client communication was made, nor do these entries even suggest that the documents reflect an attorney-client communication. See American Optical Corp. v. Medtronic, Inc., 56 F.R.D. 426, 430 (D. Mass. 1972) ("The attorney-client privilege extends to legal advice and opinions *from an attorney to his client*") (emphasis added). Nor do these entries

---

[6] The headings in the various Boston Gas privilege logs are generic headings and may vary slightly, although not substantively.

support any work-product privilege claim.  The entries do not indicate that the documents were prepared at the request of counsel or were prepared in anticipation of litigation.

In Appendix 2, Century has identified 182 documents where no attorney-client communication or work-product privilege is identified.  Each of these documents should be produced forthwith.  For the convenience of the Court, Century sets forth below illustrative examples of entries that fall into this category:

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|---|---|---|---|---|---|---|---|---|
| 57 | 5/7/93 | Fax | Fax regarding BGC properties in screening file | MSB | AGT | | | WPP |
| BGPV 3129 | 06/00/1995 | Draft Report | Site Investigation and Tier Classification | Haley & Aldrich | Boston Gas Co. | | | Attorney-Client |
| BGCPV 3117 | 7/18/1991 | Notes | Boston Gas Company Screening Program | Taft, A. | | | | Attorney-Client |

<u>Memos Simply Sent To File</u>

Boston Gas continues to withhold over 300 documents on the basis of attorney-client and/or work-product privilege where the document was simply sent to the "file."  It is well settled that a "memo to file" is not a communication qualifying for the attorney-client privilege.  <u>See</u>, <u>e.g.</u>, <u>Sneider v. Kimberly-Clark Corp.</u>, 91 F.R.D. 1, 6 (N.D. Ill. 1980) ("[A] memo to file is not a communication to anyone for purposes of legal advice…Similarly, memos to file prepared by counsel do not reflect an intention to confidentially communication with a client").  Nor are memos or other documents sent to file protected by the work-product privilege, unless they are prepared in anticipation of an identified litigation.

In Appendix 3, annexed hereto, Century has identified 315 documents that were improperly withheld simply sent to the "file."  Each of these documents should be produced immediately.  For the convenience of the Court, Century sets forth below illustrative examples of entries that fall into this category:

13

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| 142 | 1990 various | notes | draft documents re: BGC screening program information | AGT | file | | | ACP |
| 537 | | memo | BGC's corporate history summary | FHE | file | | | WPP |

### Documents Merely Copied to Counsel

Boston Gas continues to withhold over 100 documents on the purported basis of attorney-client and/or work-product privilege simply because an attorney was provided with a copy. Documents withheld merely because an attorney is copied on the communication (yet not the primary recipient or sender) are not protected by the attorney-client privilege.  See, e.g., B. F. G. of Illinois, Inc., et al. v. Ameritech Corp., et al., No. 99 C 4604, 2001 WL 1414468, at *7 (N.D. Ill. Nov. 13, 2001) ("The defendants assert that this document is attorney-client privileged. However, it is clear that this document is nothing more than a business document given a veneer of privilege by routing through in-house counsel"); Amway Corp. v. Proctor & Gamble Co., et al., No. 1:98 cv 726, 2001 U.S. Dist. LEXIS 4561, at *18 (W.D. Mich. Apr. 3, 2001) ("Where, as here, [counsel] appears as one of many recipients of an otherwise business-related memo, [] courts place a heavy burden on the proponent to make a clear showing that counsel is acting in a professional legal capacity and that the document reflects legal, as opposed to business, advice"). Nor are documents protected by the work-product privilege simply because they were provided to counsel, unless they were prepared in anticipation of an identified litigation.

In Appendix 4, annexed hereto, Century has identified 136 documents withheld simply because an attorney received a copy.  Each of these documents should be produced without delay.  For the convenience of the Court, Century sets forth below illustrative examples of entries that fall into this category:

14

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| 304 | 6/28/1990 | Letter and Fax | Letter and fax regarding BGC screening program presentation | WES | AGT | LJP, LB* | | ACP and WPP |
| BGPV1673 | 05/08/2001 | Draft Letter | Clean-up of MGP waste | Taft, A. | | Levine, W.*; Olson, G.* | | Attorney-Client |
| BGPV0271 | 7/20/1995 | Letter | Comments on Phase I Report & Numerical Ranking System; prepared at the request of counsel | Taft, A. | Johnson, K. | Levine, W.*; Miller, J.* | | Attorney-Client |

### Attachments To Attorney-Client Communications

Boston Gas continues to improperly withhold nearly 600 documents on purported

attorney-client and/or work-product privilege grounds simply because they were an attachment

to an attorney-client communication.  See, e.g., P.&B. Marina, Ltd. v. Logrande, 136 F.R.D. 50,

56 (E.D.N.Y. 1991) ("Merely attaching…documents to attorney-client communications does not

constitute a basis for assigning the privilege.  To permit this result would abrogate the well-

established rule that only the communication, not the underlying facts, are privileged");

Abramian v. President and Fellows of Harvard College, No. 935968C, 2001 WL 1771985, at *5

(Mass. Super. Dec. 4, 2001) (Where "preliminary versions [of a report] do not contain materials

whose primary purposes consisted of formulating a legal response to a potential suit . . . none of

the policy rationales underlying the work product doctrine apply to the draft [] Report") (sub.

history omitted).

In Appendix 5, annexed hereto, Century has identified 578 documents that have been

withheld simply because they were sent to an attorney as an attachment.  Each of these

documents should be produced *post haste*.  For the convenience of the Court, Century sets forth

below illustrative examples of entries that fall into this category:

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| BGPV0371 | 10/23/2001 | Letter attaching Draft Report | Draft Report on Phase IV Final Inspection Report and Response Action Outcome Commercial Point | Johnson, K. | Levine, W.* | Olson, G.*; Taft, A. | | Attorney-Client; Work Product |

15

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| BGPV0036 | 7/16/2001 | Facsimile attaching Draft Letter | Washington Street | Taft, A. | Brunell, R* | | | Attorney-Client; Work Product |

### Documents Misidentifying Carl Martinello As An Attorney And Documents Pre-Dating The Screening Program

Boston Gas' "revised" privilege log continues to contain nearly one hundred entries

where Carl Martinello is improperly identified as an attorney and Screening Program documents

are misidentified. Boston Gas admits these entries are erroneous and no privilege exists.

Instead, Boston Gas claims that the documents have been produced. As noted above, Century

cannot confirm Boston Gas' representations' because Boston Gas refuses to provide Century

with corresponding Bates numbers. Boston Gas should identify immediately all Bates numbers

of documents produced for each erroneous entry. In Appendix 6, annexed hereto, Century has

identified at least 89 of these admittedly improper entries. To the extent these documents have

not been produced already, the documents should be immediately produced.

### Work-Product Privilege Assertions in Connection With The Boston Gas Screening Program

Boston Gas continues to withhold over sixty Screening Program documents on the

purported basis of attorney-work product. Boston Gas admits that it cannot assert a work-

product privilege for these documents yet it continues to do so. See Hearing Trans. at 58 ("We're

not claiming work-product privilege for the screening program documents."), annexed as Ex. B

to the Heskin Decl. In Appendix 7, annexed hereto, Century has identified 69 screening program

documents that continue to be withheld on work-product grounds. Each of these documents

should be produced forthwith. For the convenience of the Court, Century sets forth below

illustrative examples of entries that fall into this category:

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|-------|------|-----------|-----------|--------|-----------|-------|--------|-----------|
| 76 | 12/91 | report | draft of Boston Gas Co. screening program notebook update | H&A | BG | | | WPP |

16

| 78 | 9/20/1991 | draft | draft with edits of BG screening program | H&A | BG | file | | | WPP |
| 121 | 7/20/1990 | notes | first cut of MGP sites for screening program | BG, H&A | file | | | | WPP |

Documents Requiring An *In Camera* Review

Despite Century's good-faith efforts over the past year, and this Court's recent guidance,

several privilege disputes remain.  In the categories above, Century disputes that Boston Gas has

come forth with sufficient facts to support its privilege assertions and/or has failed to assert a

legally recognized privilege assertion.  In the categories identified below, Century challenges the

reliability of Boston Gas' factual assertions.  In particular, Century objects to Boston Gas'

rewriting its privilege log entries in an after-the-fact attempt to support a privilege assertion.

Century should not have to rely on Boston Gas' self-serving and unreliable revisionist history.

Where, as here, there is a genuine dispute between the parties as to the accuracy of the

withholding party's description of certain documents, an *in camera* review is appropriate.  See,

e.g., Mounger v. Goodyear Tire & Rubber Co., 2000 WL 33712198, *2 (D. Kan. Sept. 22, 2000).

Documents Originally Identified As "Prepared at the Request of
Counsel" But Now Purport To "Reflect The Advice Of Counsel"

Boston Gas' privilege logs continue to identify hundreds of documents withheld on the

purported basis that the document was "prepared at the request of counsel."[7]  Yet, Boston Gas

agrees that it cannot assert the attorney-client privilege on that basis.  See Letter from Boston

Gas to Century, dated April 19, 2005, at 2-3, annexed as Ex. C to the Heskin Decl.  *Now*, Boston

Gas claims that "[t]he phrase 'produced [sic] at the request of counsel' simply means that a

document reflects the legal advice of counsel."  Id.  Boston Gas' newfound position is

---

[7] It well settled that the attorney-client privilege can only be asserted if the document reflects an attorney-client *communication*.   See, e.g., In the Matter of Reorganization of Elec. Mut. Liability Ins. Co., 425 Mass. 419, 421 (1997) ("The attorney-client privilege attaches to any *communication* between an attorney and client in confidentiality for the purpose of seeking, obtaining or providing legal advise or assistance") (emphasis added); In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983, 731 F.2d 1032, 1037 (2d Cir. 1984) ("the attorney-client privilege protects communications rather than information; the

inconsistent with its prior assertions and is wholly unreliable.

In each of the four Boston Gas privilege logs, Boston Gas made the careful distinction between documents "prepared at the request of counsel" and those that "reflect the advice of counsel." Century objected to entries that asserted the attorney-client privilege for documents "prepared at the request of counsel." These entries do not identify any *communication* whatsoever. Century properly pointed out that Boston Gas had confused the work-product privilege with the attorney-client privilege. Curiously, after Century pointed out Boston Gas' mistake, Boston Gas now claims that "prepared at the request of counsel" means the same thing as "reflects the advice of counsel."

Boston Gas' revisionist history should not be permitted and Century is entitled to an *in camera* inspection of each document that falls into this category. In Appendix 8, Century identifies 220 documents that have been improperly withheld on this basis. For the convenience of the Court, Century sets forth below illustrative examples of improper attorney-client privilege entries that describe the purported basis as "prepared at the request of counsel":

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|---|---|---|---|---|---|---|---|---|
| BGCPV 3224 | 5/30/1990 | **Questionnaire prepared at request of legal counsel** | Boston Gas Screening Program | Detarando, L. | | | | Attorney-Client |
| BGPV0871 | 12/1/1998 | Memorandum | Map of Everett; **prepared at the request of counsel** | Reed Consulting | Cawley, M. Meyers, | | | Attorney-Client |
| BGPV0059 | 5/22/2001 | Memorandum | New England Portfolio Overview; **prepared at the request of counsel (KeySpan Legal Department\*)**[8] | Kelley, M.; Antoniadis, S. | KeySpan | | | Attorney-Client |

Compare the examples above with the following attorney-client entry that Boston Gas previously distinguished as "reflects the advice of counsel":

---

privilege does not impede disclosure of information except to the extent that that disclosure would reveal confidential communications").

[8]  Boston Gas' original privilege log dated July 17, 2003 did not identify attorneys with an asterisk within the privilege log entries themselves. Therefore, for the convenience of the Court, we have identified attorneys with an asterisk.

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|---|---|---|---|---|---|---|---|---|
| BGCPV 2949 | 6/21/2004 | **Handwritten Notes reflects advice of legal counsel** | Draft Settlement Distrigas; Boston Gas' dispute with Distrigas related to Everett site | Taft, A. | | | | Attorney-Client |

### Documents Subject To Review By Counsel

Boston Gas continues to withhold several draft reports and other documents on the improper basis that the document was "subject to review by counsel." As this Court noted at the December 1, 2004 hearing, a document is not privileged simply because it is given to an attorney for review and/or comment.  See Hearing Trans. at 57, annexed as Ex. B to the Heskin Decl. Boston Gas claims that it has "withheld only those draft reports that contained attorney notes or comments, and only when redaction was impossible, or when redaction would result in the production of a duplicative document."  See Letter from Boston Gas, dated April 19, 2005, at 3, annexed as Ex. C to the Heskin Decl.

Again, Boston Gas revises history.  Prior to this Court's guidance, Boston Gas had identified specific documents that "reflected the advice of counsel" – in contrast to "subject to review by counsel."  Now, Boston Gas claims that almost all draft reports withheld "reflect the advice of counsel."  Boston Gas failed should not be permitted to revise its entries after-the-fact. Century is therefore entitled to an *in camera* review of every draft report or other document that Boston Gas failed to identify as "reflecting the advice of counsel."  In Appendix 9, Century has identified at least 38 draft reports and other documents that were previously identified as "subject to review by counsel," but now purport to "reflect the advice of counsel."  For the convenience of the Court, Century sets forth below illustrative examples of draft reports that fall into this category:

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|---|---|---|---|---|---|---|---|---|
| BGPV0798 | | Draft Report | 10-K; **subject to review by counsel (Boston Gas Legal Departments)** | Boston Gas Co. | | | | Attorney-Client |

| BGPV2489 | 12/00/1994 | Draft Report | Summary of Operations; **subject to review by counsel (Boston Gas Legal Department\*)** | Messer, C. | | | | Attorney-Client |
| BGPV0228 | 1/3/2000 | Draft | Boston Gas Co. environmental issues; **subject to review by counsel (Boston Gas Legal Department\*)** | Boston Gas Co. | | | | Attorney-Client |

Compare the examples above with the following draft report that Boston Gas previously distinguished as "reflecting the advice of counsel":

| Doc # | Date | Doc. Type | Regarding | Source | Recipient | Other | Redact | Privilege |
|---|---|---|---|---|---|---|---|---|
| BGPV0047 | 4/23/2002 | Facsimile | Former Everett MGP; **prepared at the request of counsel (KeySpan Legal Department\*) and reflecting advice of counsel (Dickstein Shapiro Morin & Oshinsky LLP\*)** | Chan, C. | Greaten, J. | Schmitz, R. | | Attorney-Client; Work Product |

## CONCLUSION

For all of the foregoing reasons, Century respectfully requests this Court to Order Boston Gas to produce each document identified by Century in Appendices 1-7 and to Order an *in camera* review of each document identified by Century in Appendices 8-9.

Dated:  May 26, 2005

CENTURY INDEMNITY COMPANY,

By its attorneys,

*s/David B. Chaffin*
David Chaffin
(BBO #549245)
HARE & CHAFFIN
160 Federal Street
Floor 23
Boston, Massachusetts 02110-1700
(617) 330-5000

Paul R. Koepff
John L. Altieri
Shane R. Heskin
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

20