IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY,<br><br>Defendant. | Civil Action<br>No. 02-12062-RWZ |
| CENTURY INDEMNITY COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, et al.,<br><br>Third-Party Defendants. | |

**CENTURY INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF JOHN T. MCKENNA, JR.**

Defendant Century Indemnity Company ("Century") respectfully submits this memorandum of law in support of its Motion *In Limine* to preclude Boston Gas Company ("Boston Gas") from offering any testimony of John T. McKenna, Jr., that evidences, indicates or suggests that the Everett manufactured gas plant ("MGP") operated past 1955. Mr. McKenna, Boston Gas' former Vice President of Gas Operations, was deposed as a fact witness in this case on April 14, 2004 and November 17, 2004. Mr. McKenna's deposition testimony makes clear that, under Federal Rule of Evidence 602, he lacks the requisite personal knowledge to testify as to MGP operations at the Everett site that may have occurred after 1955. Specifically, Mr.

McKenna testified that he never visited the Everett site while the MGP was in operation past 1955. Further, Mr. McKenna testified that did not know when MGP operations at the Everett site actually ceased. Thus, any testimony by Mr. McKenna concerning MGP operations at the Everett site after 1955 would amount to pure conjecture, and therefore would be inadmissible as a matter of law.

Moreover, because MGP operations at the Everett site in fact ceased in 1960, Mr. McKenna's testimony that MGP operations at the Everett site lasted into the 1970s has no factual basis. Thus, under Federal Rule of Evidence 602, Mr. McKenna's testimony is improper and must be excluded. Mr. McKenna's testimony on this subject should also be precluded under Federal Rule of Evidence 603 to prevent jury confusion and unfair prejudice to Century.

## I.  RELEVANT DEPOSITION TESTIMONY OF MR. MCKENNA

At deposition on April 14, 2004, Mr. McKenna testified that he first became employed by Boston Gas in 1950 as a cadet engineer, and continued to serve in that capacity until 1952. (McKenna Dep. at 28:14-16; 45:15-18.)[1] From 1952 to 1955, Mr. McKenna worked as an engineer in Boston Gas' combustion laboratory at the Everett site. (Id. at 57:24 to 58:1-3.) Accordingly, Century does not dispute that Mr. McKenna likely has personal knowledge of MGP operations at the Everett site from 1950 to 1955.

Nevertheless, Mr. McKenna's testimony makes clear that he does not have personal knowledge of MGP operations at the Everett site after leaving his position as engineer in 1955. Accordingly, Century seeks to preclude Mr. McKenna's speculative testimony concerning MGP operations that may have occurred at the Everett site during that time.

For example, when asked whether MGP operations occurred at the Everett site from 1955 to 1959, Mr. McKenna readily admitted: "You'd have to guess because I never worked there at

---

[1] The referenced excerpts of a true and correct copy of transcript of Mr. McKenna's deposition testimony are attached hereto as Exhibit "A."

that particular time." (Id. at 70:19-20.) Mr. McKenna went on to testify that, as manager of Boston Gas' Customer Service Division, a position he took in 1959, he reported not to the Everett site but to another Boston Gas facility located in Jamaica Plain, Massachusetts. Mr. McKenna also explained that while in this position he did not even visit the Everett site. (See id. at 75:3-24 to 77:1-11.) Moreover, when asked whether spent oxide had been buried at the Everett site, Mr. McKenna stated that, because he "only was there [at the Everett site] until 1950," he "didn't see anything -- I don't know what was done before 1950 so I can't tell you the answer." (Id. at 120:8-10.)[2] Thus, it not surprising that Mr. McKenna did not know the year in which MGP operations at the Everett site ceased. (See id. at 105:5-6.) Instead, all Mr. McKenna could do was speculate that MGP operations at the Everett site continued into the 1970s. (See id. at 73:10-24 to 75:1-7.)

## II.    ARGUMENT

### A.    The Personal Knowledge Requirement of Rule 602

This Court has recognized that "[o]ur evidentiary rules put a premium on firsthand observations. Opinion testimony is disfavored except under certain circumstances; hearsay is generally excluded. The jury is to draw reasonable inferences from the firsthand data." United States v. Hines, 55 F. Supp. 2d 62, 64 (D. Mass. 1999) (citing Fed. R. Evid. 602 and 701; William Twining, Evidence and Legal Theory, in Legal Theory and Common Law 62, 70 (William Twining ed., 1986)). Accordingly, under Rule 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602

"Rule 602 expresses the common sense notion that no lay witness is worth listening to unless the witness observed the matters the witness will describe." Charles A. Wright & Victor

---

[2] Century notes that, from 1955 to 1969, Mr. McKenna held various positions with Boston Gas, but none required him to observe, have knowledge of or have any involvement in MGP operations that may have occurred at the Everett site during that period.

- 3 -

J. Gold, 27 <u>Federal Practice & Procedure</u> § 6022, at 189 (1990) (hereinafter "<u>Federal Practice & Procedure</u>"). Therefore, testimony is inadmissible where "'in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testified to.'" <u>United States v. Neal</u>, 36 F.3d 1190, 1206 (1st Cir. 1994) (quoting <u>Hallquist v. Local 276, Plumbers & Pipefitters Union</u>, 843 F.2d 18, 24 (1st Cir. 1988)).

"Rule 602 applies the concept of relevance to witness testimony and concludes that, unless the witness has perceived the facts with the senses, the witness's testimony lacks the requisite logical connection to the facts." <u>Federal Practice & Procedure</u> § 6022, at 192. Thus, when a witnesses testifies based on speculation, the testimony is inadmissible under Rule 602. <u>See id.</u>; <u>see also United States v. Ranney</u>, 719 F.2d 1183, 1189 n.11 (1st Cir. 1983) (explaining that so-called "hypothetical question doctrine" "bars lay witnesses from drawing conclusions from factual premises about which they have no personal knowledge; only expert witnesses may so testify") (citing 2 J. Wigmore, <u>Evidence</u> §§ 672-686 (J. Chadbourn rev. 1979)). "Knowledge, as it is required by Rule 602, includes an 'awareness of objects or events,' comprised of (1) sensory perception; (2) comprehension of what was perceived; (3) present recollection; and (4) ability to testify based on what was perceived." <u>Lewis v. City of Philadelphia</u>, 2004 WL 2674515, at *2 (E.D. Pa. Nov. 19, 2004) (quoting 27 <u>Federal Practice & Procedure</u> § 6023).

**B.   Mr. McKenna's Testimony Concerning Possible MGP Operations At the Everett Site After 1955 Should Be Precluded, Because He Lacks Personal Knowledge**

It is beyond question that Mr. McKenna lacks personal knowledge of MGP operations that may have occurred at the Everett site after 1955. Though Mr. McKenna was employed by Boston Gas during this period, his position did not require him to observe, have knowledge of or have any involvement in MGP operations that may have occurred at the Everett site after 1955. Moreover, Mr. McKenna has testified that he is unsure when MGP operations at the Everett site ceased, and consequently could only speculate as to that date. Thus, Mr. McKenna does not

have personal knowledge of MGP operations that may have occurred at the Everett site after 1955. Therefore, Mr. McKenna's testimony on this issue amounts to nothing more than guesswork, and, under Rule 602, it should be precluded.

### C. Mr. McKenna's Testimony That MGP Operations At the Everett Site May Have Continued Into the 1970s Should Also Be Precluded, Because It is Factually Incorrect

As noted above, at deposition Mr. McKenna offered conjecture that MGP operations at the Everett site may have continued into the 1970s. This statement, however, is baseless, because reliable records indicate that MGP operations at the Everett site discontinued by August 1960.[3] See January 20, 1960 press release, attached hereto as Ex. "B"; January 20, 1960 newspaper clipping, attached hereto as Ex. "C." Allowing Boston Gas to introduce Mr. McKenna's hazy recollection of MGP operations at the Everett site after 1955 almost certainly would lead to confusion of issues and/or misleading of the jury. Accordingly, Mr. McKenna's testimony on this topic should be precluded. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

### III. CONCLUSION

Allowing Boston Gas to offer Mr. McKenna's testimony regarding MGP operations at the Everett site after 1955 clearly would violate Rule 602. Mr. McKenna's position with Boston Gas during that period did not require him to be involved with MGP operations at the Everett site

---

[3] Moreover, Boston Gas could not have continued MGP operations at the Everett site into the 1970s, because: (1) in early 1970, Boston Gas sold the Everett site to Distrigas Corporation ("Distrigas"); and (2) beginning in 1970, the gas production facilities at the Everett site were dismantled and removed by The Kaiser-Nelson Steel & Salvage Corp. ("Kaiser-Nelson"). See Agreement between Kaiser-Nelson and Boston Gas, dated September 9, 1969, attached as Exhibit 16 to deposition transcript of Neil S. Shifrin, Ph. D., dated April 7, 2005; Purchase and Sale Agreement between Eastern Gas and Fuel Associates and Distrigas, dated March 30, 1970; Agreement for dismantling work between Kaiser-Nelson and Distrigas, dated March 13, 1970, attached as Exhibit 17 to deposition transcript of Neil S. Shifrin, Ph. D., dated April 7, 2005; Memorandum, "Notes On Historical Articles," attached as Exhibit 12 to deposition transcript of Neil S. Shifrin, Ph. D., dated April 7, 2005.

whatsoever, nor could Mr. McKenna recall when MGP operations at the Everett site actually stopped. Therefore, Mr. McKenna lacks personal knowledge of possible MGP operations at the Everett site during this period, and his testimony on this topic should be precluded.

Moreover, Mr. McKenna's testimony that MGP operations at the Everett site continued into the 1970s should be precluded under Rule 403. In addition to contradicting his statements that he could not recall the date MGP operations at the Everett site discontinued, this testimony is patently inconsistent with records indicating that such operations stopped in 1960. Accordingly, Century respectfully requests that its Motion *In Limine* to Preclude Testimony of John T. McKenna, Jr. be granted.

Respectfully submitted,

**HARE & CHAFFIN**

Dated: October 17, 2005

/s/David B. Chaffin
David B. Chaffin
BBO No. 549245
160 Federal Street
Boston, MA 02110
Phone: (617) 330-5000
Fax: (617) 330-1996

**WHITE AND WILLIAMS LLP**

Guy A. Cellucci
Shane R. Heskin
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: (215) 864-7000
Fax: (215) 864-7123

**Attorneys for Defendant
Century Indemnity Company**

- 6 -