IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY,<br><br>Defendant. | Civil Action<br>No. 02-12062-RWZ |
| CENTURY INDEMNITY COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, et al.,<br><br>Third-Party Defendants. | |

**DEFENDANT CENTURY INDEMNITY COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE CERTAIN LONDON SLIP SHEETS AND OTHER DOCUMENTS**

Boston Gas Company ("Boston Gas") seeks coverage for alleged property damage under certain policies issued to it by Century Indemnity Company ("Century"). A number of those policies are missing and Boston Gas is expected to attempt to prove their terms and conditions by offering certain broker slip sheets and other documents generated in connection with policies issued by the London Market Insurers ("London"). Century now moves *in limine*, pursuant to Federal Rules of Evidence 402, 403, and/or 802 and relevant case law, to preclude Boston Gas' use of these slip sheets and related documents at trial because the assertive statements sought to

be used as evidence of the missing Century policies, are inadmissible hearsay and do not fall under any exception to the hearsay rule. These assertive statements, as to Century, are not based on personal knowledge of the Century policies and thus, are not subject to the "ancient document" exception.

Further, all of the concerns contemplated by the hearsay rule are present. The author of the slip sheets lacked personal knowledge of the missing Century polices and Boston Gas cannot produce the author for testimony at trial. Consequently, Century will not be able to cross examine the author of these assertive statements and will not have the opportunity to test their reliability. In addition, the factual basis for such statements are unknown and cannot be determined by the document or any other information available. Moreover, Boston Gas' own insurance archeologist concedes that the information pertaining to the missing Century policies is "conflicting" and thus the indicia of trustworthiness required to overcome the hearsay rule does not exist.

Century, therefore, respectfully requests that its Motion *In Limine* To Preclude Use of Certain London Slip Sheets and Other Documents be granted.

## I.  RELEVANT FACTS

At issue are the following policies issued by Century's predecessors Indemnity Insurance Company of North America ("IINA") and Insurance Company of North America ("INA"):

| ISSUING COMPANY | POLICY NO. | POLICY PERIOD | ALLEGED POLICY LIMITS |
|---|---|---|---|
| IINA | XPL-3392 | 12/1/51 – 12/1/52 | $125K x/s $75K |
| IINA | XPL-3392 | 12/1/52 – 12/1/54 | $325K x/s $75K |
| IINA | XPL-3392 | 12/1/54 – 12/1/55 | $300K x/s $100K |
| IINA | XPL-3392 | 12/1/55 – 12/1/59 | $300K x/s $100K |

| IINA | XPL-3392 | 12/1/59 – 12/1/60 | $975K x/s $100K |
| IINA | XPL-5607 | 12/1/60 – 12/1/66 | $1MM x/s $100K |
| INA | XCP-3547 | 12/1/66 – 12/1/69 | $17MM x/s $100K |

Century has independently located copies of Policy XPL-5607 and Policy XCP-3547, but neither Boston Gas nor Century has found Policy XPL-3392 or any alleged policy issued by Century to Boston Gas from December 1, 1951 to December 1, 1955. Though Century does not dispute that Policy XPL-3392 was issued to Boston Gas, it submits that Boston Gas has not met its burden of proving all relevant terms and conditions of Policy XPL-3392. Significantly, Boston Gas has not offered sufficient proof that Policy XPL-3392 covered property damage, rendering Policy XPL-3392 inapplicable to Boston Gas' claims. Boston Gas has also failed to come forward with any competent evidence of the policy limits of XPL-3392, relegating its claims with respect to these missing policies to sheer speculation and circumspect.

Indeed, after over two full years of fact discovery, Boston Gas has not come forward with any reliable evidence that Policy XPL-3392 covered property damage. Nor has Boston Gas produced any reliable evidence of the limits of Policy XPL-3392. Instead, Boston Gas apparently will rely on the London slip sheets as secondary evidence of these material missing terms. But, as further discussed below, the London slip sheets are not based on personal knowledge, are not reliable, and are, therefore, inadmissible.

The London slip sheets are part of a series of documents produced by Boston Gas' insurance archaeologist, R.M. Fields & Company Limited ("R.M. Fields"), during discovery in this matter.[1] Based on the position it took during discover, it appears that Boston Gas intends to use the slip sheets as evidence that Century provided the first layer of excess coverage underlying the London excess policies issued to Boston Gas for the policy period December 1,

---

[1] The R.M. Fields documents, Bates labeled BGC00109826-BGC00110075, are annexed hereto as Exh. 1.

1951 to December 1, 1960. It also appears that Boston Gas intends to use these slip sheets as evidence of the applicable coverage limits and underlying self-insured retention applicable to the Century missing policies. Significantly, however, the London slip sheets report conflicting information with respect to each level of coverage Century allegedly provided for this period.[2]

For example, with respect to the 1954 policy period, the relevant slip sheets states that Century was a "primary" carrier. Century never provided "primary" coverage to Boston Gas, nor does Boston Gas even allege that Century's coverage was "primary." This misstatement of fact alone demonstrates that the information reported by these London slips is inaccurate and unreliable. This same slip sheet also represents that Century's coverage was below that of London. Specifically, this slip sheet and others report that Century provided underlying coverage limits of $325,000 per loss in excess of $75,000 per loss.[3] Yet, another London slip sheet claims that Century's 1954 policy was actually above London with limits of $300,000 in excess of $1,000,000. Not surprisingly, another separate London slip goes on to state that Century's purported limits for the 1954 policy were $200,000 in excess of $200,000.[4] Tellingly, Boston Gas' own insurance archaeologist acknowledges this conflicting information in its report. Significantly, R.M. Fields notes the following with respect to Century's 1954 "excess" policy:

> Note:   Conflicting information.
>
>    Per letter of 11/21/52
>    "ICNA have $200,000 excess $200,000"
>    See information attached to Slip
>
>    Information previously recovered indicates
>    Indemnity Insurance Co. of North America had:
>    $300,000 excess of $100,000 12/1/54-12/1/59[5]

---

[2] See id. at BGC 00109957-BGC00109963.
[3] See id. at BGC00109875.
[4] See id. at BGC00110006.
[5] Id. at BGC00109959.

4

R.M. Fields also notes the following as to Century's 1954 "excess" policy:

<u>Note</u>:  Conflicting information.

> Per letter of 5/23/56
> "ICNA have $300,000 excess $1,000,000 [sic]"
> See information attached to Slip
>
> Information previously recovered indicates
> Indemnity Insurance Co. of North America had:
> $300,000 excess of $100,000 12/1/54-12/1/59[6]

Thus, whatever the reason for the confusion over policy limits, the slip sheets contain conflicting information and are therefore wholly unreliable.

## II.    ARGUMENT

### A.    THE STATEMENTS IN THE LONDON SLIP SHEETS CONCERNING CENTURY ARE INADMISSIBLE HEARSAY SUBJECT TO NO EXCEPTION

#### 1.    The Statements On the Slip Sheets Relating To Century Are Hearsay

Federal Rules of Evidence 802 states: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). As explained by Professor Graham, a key concern with such statements is that the opposing party has no opportunity to cross-examine the declarant/author:

> In order to encourage the witness to testify to the best of his ability with respect to each of the four risks, and to expose inaccuracies in the witness' testimony, a witness is required to testify at trial (1) under oath or affirmation, (2) personally so that the trier of fact may observe the witness' demeanor, and (3) subject to contemporaneous cross-examination. Hearsay evidence is excluded, Rule 802, because an out of court statement is not subject to each of these three tests for ascertaining truth. Of the three, inability to conduct cross-examination is the essential factor underlying the rule excluding hearsay.

---

[6] <u>Id.</u> at BGC00109961.

5

M. Graham, Federal Practice & Procedure § 7001 (Interim ed. 2000) (footnotes omitted).

Boston Gas is expected to use the slip sheets at trial to prove the terms and conditions of the missing Century policies. The assertive statements contained in the slip sheets are hearsay, however, unless Boston Gas can produce the author of the statements to testify at trial. Boston Gas cannot identify the author of the hearsay statements, let alone produce the author at trial. Accordingly, the statements are hearsay and inadmissible unless subject to an exception. As discussed below, no exceptions exists.

### 2. The Statements On the Slip Sheets Relating To Century Do Not Come Within the "Ancient Documents" Exception to the Hearsay Rule

The ancient documents exception (see Fed. R. Evid. 803(16)) applies only to the document itself and not automatically to statements contained in the document. Indeed, where a document that is more than twenty years old and contains more than one level of hearsay, an appropriate admissibility exception must apply to each level. See United States v. Hadja, 135 F.3d 439, 444 (7th Cir. 1998) (emphasis added) (citing Fed R. Evid. 805). Applying this well-settled rule, the Court in Hajda held as follows:

> These documents are more than 20 years old and they were properly authenticated, so they are exceptions to the hearsay rule admissible under Rule 803(16) of the Federal Rules of Evidence. However, this admissibility exception applies only to the document itself. If the document contains more than one level of hearsay, an appropriate exception must be found for each level. Fed. R. Evid. 805. As for Kazimiera's statements, while a government official prepared them, Kazimiera signed and adopted them, so they contain only one level of hearsay, which makes them admissible under Rule 803(16). See United States v. Lewis, 954 F.2d 1386, 1394-95 (7th Cir. 1992). The signed statements of the Treblinka guards are admissible for the same reason. Stanislaw's statement, on the other hand, isn't signed, so it contains two levels of hearsay. **The document itself falls under Fed. R. Evid. 803(16), but Stanislaw's actual statement needs a separate exception in order to be admissible.**[7]

---

[7] Hadja, 135 F.3d at 444 (emphasis added); see also Ruth v. A.O. Smith Corp., 2005 U.S. Dist. LEXIS 17667, at *6 (N.D. Ohio 2005); United States v. Stelmokas, 1995 U.S. Dist. LEXIS 11240 (E.D. Pa. 1995).

Moreover, hearsay statements are inadmissible under the ancient documents exception where the statements are not based on the declarant's personal knowledge. See Hicks v. Charles Pfizer & Co. Inc., 2005 WL 2415965, at *5 (E.D. Tex. Sept. 29, 2005). In thoroughly examining the ancient documents exception, the Hicks court observed:

> The rationale of Rule 803(16) in permitting the admission of statements in ancient documents where the author is the declarant does not justify the admission of double hearsay merely because of its presence in an ancient document. The danger of faulty perception persists unabated because a narrator, such as a reporter, may not properly record the remarks of the speaker. More generally, the risk of deception or mistake is compounded with each additional layer of hearsay, as any error will inevitably be passed on regardless of the accuracy or sincerity of the author of the ancient document or prior relators.

Id. (citing United States v. Stelmokas, 1995 WL 464264, at *5 (E.D. Pa. Aug. 2, 1995), aff'd, 100 F.3d 302 (3d Cir. 1996), cert. denied, 520 U.S. 1242 (1997); Greg Kettles, Ancient Documents & the Rule Against Multiple Hearsay, 39 Santa Clara L. Rev.. 719, 735 (1999)).[8] Accordingly, the Hicks court concluded: "Better reasoned authority indicates that the ancient documents exception permits the introduction of statements only where the declarant is the author of the document. . . . This interpretation best reconciles the underlying justifications of Rule 803(16) with the limitations of Rule 805." Id. at *6.

The London slip sheets are unquestionably hearsay within hearsay and present all of the hearsay problems addressed in Hicks and more. Here, the author of the slip sheets purports to record a hearsay statement from an unidentified declarant. Not only do we not know if the author properly recorded the statements, we don't even know if the source of the information had first-hand knowledge. Thus, numerous layers of hearsay may exist, all of which, must qualify

---

[8] Several prominent commentators concur. See J. Strong, McCormick on Evidence, § 323, at 537 (4th ed. 1992) (stating that "the writing [in the ancient document] is inadmissible if the declarant lacked the opportunity for firsthand observation of the facts asserted"); C. Wagner, Federal Rules of Evidence Case Law Commentary 548 (1994) ("[An authenticated ancient] document is reliable if the drafter had firsthand knowledge of the events to which the document relates.").

7

for an exception. As recognized in Hicks, each of these hearsay layers "compounds" the risk of "mistake" calling into question the reliability of such statements and militating against admissibility. Indeed, we already know that these slip sheets, are in fact, unreliable. To wit, Boston Gas' own archaeologist concedes that conflicting information exists for each of the missing policy periods.[9] It is, therefore, undeniable that at least one of the sources was misinformed. This fact alone is sufficient to defeat the hearsay exception.

Further, "age is not the sole indicia of trustworthiness underlying the [ancient documents] exception." Stelmokas, 1995 U.S. Dist LEXIS 11240, at *19. Accordingly, documents offered for admission under the ancient documents exception must have the same indicia of trustworthiness as other hearsay statements. Here, given that nothing is known about the creation of the slip sheets, or the source or the accuracy of the statements they contain, the slip sheets lack all indicia of trustworthiness. The slip sheets, therefore, must be precluded absent a showing that the author had first-hand knowledge of their contents. Boston Gas cannot meet this burden. The London slip sheets should, therefore, be precluded from evidence as inadmissible hearsay under Rule 802.

### III.  CONCLUSION

The London slip sheets are clearly hearsay and unreliable. Boston Gas intends to use the hearsay statements to establish the truth of the matter asserted and the author is unavailable to testify at trial. Century, therefore, will not have the ability to cross examine the author and has no other way to test the veracity of these statements. These hearsay statements also do not fall within any exception to the hearsay rule. The statements are not based on personal knowledge and lack all indicia of trustworthiness. Indeed, Boston Gas' own insurance archaeologist admits that the "conflicting information" exists with respect to these slips.

---

[9] See Exh. 1 at BGC00109957 - BGC00109963.

8

WHEREFORE, Century respectfully moves to preclude Boston Gas from introducing at trial any of the London slip sheets or other documents containing assertive statements as to the missing Century policies, which are not based on personal knowledge.

Respectfully submitted,

**HARE & CHAFFIN**

Dated: October 17, 2005

/s/David B. Chaffin
David B. Chaffin
BBO No. 549245
160 Federal Street
Boston, MA 02110
Phone: (617) 330-5000
Fax: (617) 330-1996

**WHITE AND WILLIAMS LLP**

Guy A. Cellucci
Shane R. Heskin
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: (215) 864-7000
Fax: (215) 864-7123

**Attorneys for Defendant
Century Indemnity Company**