UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND, Plaintiff, | |
| v. | CIVIL ACTION NO. 02-12062-PBS |
| CENTURY INDEMNITY COMPANY, Defendant. | |

**MEMORANDUM AND ORDER**

December 8, 2010

Saris, U.S.D.J.

**I. Background**

Defendant Century Indemnity Company ("Century") brings this motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on the issue of whether property damage was "expected or intended," based on allegations that plaintiff Boston Gas Company ("Boston Gas") committed discovery misconduct. Specifically, Century contends that Boston Gas failed to produce certain documents, and improperly failed to disclose a key Boston Gas witness.

Boston Gas originally brought this action in 2002, seeking indemnity from Century, under insurance policies from the 1950s and '60s, to cover environmental remediation costs at Boston Gas'

manufactured gas plant ("MGP") site in Everett, Massachusetts. The case went to trial in 2005, and Boston Gas won a jury verdict of $6.2 million on the "expected/intended" issue. Century appealed on a number of legal issues involving cost allocation. After certifying a legal question to the Supreme Judicial Court of Massachusetts, the First Circuit vacated the judgment and remanded for a new trial on certain specific issues, including cost allocation. Boston Gas Co. v. Century Indem. Co., 588 F.3d 20, 22-24 (1st Cir. 2009).

Now, Century argues that it has only recently discovered certain evidence relevant to the issue of whether Boston Gas "expected or intended" the environmental contamination in the Mystic River. This evidence raises some questions as to whether Boston Gas was aware of the presence and danger of environmental contamination to a greater degree than it let on at trial. The evidence includes a report from Metcalf & Eddy, the environmental consultant during and before the policy period. The report documents pollution resulting from the activities of Boston Gas' parent company, Eastern Gas, at a neighboring plant. Weekly laboratory reports from Eastern Gas, prepared by its consultant Metcalf & Eddy, document pollution levels in the neighboring waterways; one such report notes that "the oil in some places was so thick they could not push a boat through it." Ex. 12 to Century Indemnity Company's Mem. of Law in Supp. of its Mot. for a New Trial Regarding the Everett Site on the Issue of Expected

or Intended and For Any Further Relief Deemed Appropriate by the Court ("Century's Mem.") (ECF No. 613). Both the report and the laboratory reports mention Boston Gas on several occasions. Also recently discovered is a legal memorandum issued by the legal department at Eastern Gas, describing an investigation by the Massachusetts Attorney General into pollution from Boston Gas, Eastern Gas, and several other neighboring companies. See Ex. 6 to Century's Mem. A second memorandum describes Boston Gas' and Eastern Gas' joint response to that investigation. See Ex. 11 to Century's Mem. Century argues that, in light of this new evidence, it should be granted a new trial not only on the cost allocation issue, but on the expected/intended issue as well. After a hearing and review of the briefing, Century's motion is **DENIED**.

## II. Discussion

The critical issue with regard to this motion is timeliness. Century filed its Motion for a New Trial on June 8, 2010, over a year after entry of judgment in the 2007 trial. Its motion is formally filed pursuant to Federal Rule of Civil Procedure 59,[1]

[1] (a) In General.

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal courts; or

which allows a district court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A) (2010). Rule 59 had a 10-day time limit from entry of judgment. Century has couched its substantive arguments, however, in terms of Rule 60(b)(3),[2] which has a one-year time limit from entry of judgment. The factors to be considered for granting a new trial under Rule 59 can indeed be the same as those considered in the context of Rule 60(b)(3), which allows for relief from a judgment or order in the event of "fraud (whether heretofore denominated

---

> > (B) after a nonjury trial, for any reason for which a rehearing has heretofor been granted in a suit in equity in federal court. . . .
>
> (b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

Fed. R. Civ. P. 59(a),(b) (2010). This rule was amended in 2009 to expand the time limit from 10 days to 28 days. The ten-day period applied here.

[2] (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . .

(c) Timing and Effect of the Motion.

> (1) A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(b), (c) (2010).

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3) (2010). "The rule creates the opportunity to correct a broad panoply of errors, in order to prevent injustice." Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir. 1993). See also id. (applying criteria for misconduct used in Rule 60(b) to a timely Rule 59 new trial motion); Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc., 197 F. Supp. 2d 298, 332 (D. Md. 2000) (referring to "the general principles of Rules 59(e) and 60(b)").

The law is muddy with regard to which time limit should apply in cases like this, but the motion is timely under neither rule. One court has suggested, with little discussion, that the application of the substantive provisions of Rule 60(b) triggers the application of the time limits in Rule 60, even when the motion is formally captioned under Rule 59. See Sternstein v. Italia-Societa Per Azioni Di Navigazione-Genoa, 275 F.2d 502, 503 (2d Cir. 1960) (holding that new trial motion, untimely under Rule 59 but filed within the time limits of Rule 60, should have been considered under Rule 60 rather than dismissed). Even if the one-year time limit from Rule 60(b)(3) were to apply in such cases, which is far from clear, and Century were excused from the 10-day limit of Rule 59, Century argues that the First Circuit's vacatur of the trial court's judgment in this case means that the one-year time limit from Rule 60(b)(3) would not apply either. With no judgment in place from which to seek relief, the argument

goes, the procedural limitations of Rule 60 (including its one-year time limit) cannot apply. Century seeks to elude the time limits of both Rules by utilizing each only where it is convenient. However, regardless of which time limit applies, a point on which I make no ruling, the case law is clear that a motion for new trial must be "timely" under the applicable rule. See Perez-Perez, 993 F.2d at 283 ("It would appear in general that the grounds for relief from judgment under Rule 60(b) may also be grounds for a new trial under Rule 59, if the motion is timely made.")(emphasis added).

Century argues in the alternative that the Rule 60(b)(3) one-year time limit, if it does apply, runs from the date of the First Circuit's final remand on November 18, 2009 (rendering Century's motion, filed on June 8, 2010, well within the one-year time limit). This argument is belied by case law. The First Circuit has characterized the one-year time limit under Rule 60(b) as an "absolute bar." United States v. Berenguer, 821 F.2d 19, 21 (1st Cir. 1987); see also King v. First American Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002) ("King argues that an appeal of the judgment tolls the one year period for filing a Rule 60(b) motion based on fraud. The rule is to the contrary."). When an appeal has disturbed a trial court judgment, "(T)he test is a practical one. The question is whether the . . . court . . . has disturbed or revised legal rights and obligations which, by [the] prior judgment, had been plainly and properly settled with finality." Simon v. Navon, 116

F.3d 1, 3 (1st Cir. 1997) (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212 (1952)) (alterations in original).

In Simon, the appellate court had affirmed a "breach of contract judgment, reversed a judgment on an abuse of process claim, and vacated and remanded a defamation claim." Simon, 116 F.3d at 2. The party seeking relief from the breach of contract judgment under Rule 60(b)(3) argued that his motion was timely, though filed over two years after the entry of judgment in the original case, because the appellate court had "'substantially altered' the earlier judgment." Id. at 3. The First Circuit rejected this argument, finding that "the breach of contract ruling, the only judgment placed in issue by the motion for relief, was not altered in any way." Id. As such, the judgment had not been substantially altered in any relevant way, and the motion was not timely.

The facts in the present case are strikingly similar. While the First Circuit did vacate the district court's judgment and remanded on several subjects, it effectively affirmed the district court on other issues, including the "expected/intended" issue. See Boston Gas v. Century Indemnity Company, 529 F.3d 8, 19 (1st Cir. 2008). See also Boston Gas v. Century Indemnity Company, 588 F.3d 20, 24 (1st Cir. 2009) ("In the event further litigation is required, we note that we have sustained the district court on various rulings so identified in our prior decision, and on these rulings the district court has effectively

been affirmed.”). So Simon says. The one year time period for motions under Rule 60(b)(3) began running at the entry of judgment in 2007, and was not disrupted by the First Circuit’s rulings with regard to the issue of “expected/intended.” Century’s motion is therefore untimely. However, costs and attorneys fees will not be awarded because there is a colorable argument that Boston Gas engaged in slick conduct when it failed to produce relevant documents in discovery prior to the first trial. Victory on timeliness grounds does not condone prior discovery misconduct.

**ORDER**

Century Indemnity’s Motion that the new trial on the Everett site include the issue of expected or intended is **DENIED**. Century’s request for attorney’s fees for this motion is **DENIED**.

/s/ PATTI B. SARIS
PATTI B. SARIS