UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____
                                      )
BOSTON GAS COMPANY d/b/a KEYSPAN      )
ENERGY DELIVERY NEW ENGLAND,          )
                                      )
           Plaintiff,                 )
                                      )
     v.                               ) CIVIL ACTION NO. 02-12062-PBS
                                      )
                                      )
CENTURY INDEMNITY COMPANY,            )
                                      )
           Defendant.                 )
_____)

**STATEMENT OF REASONS IN SUPPORT OF ENTRY OF JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 54(b)**

                         January 6, 2012

Saris, U.S.D.J.

     Pursuant to Fed. R. Civ. P. 54(b), this Court submits the following reasons in support of the Judgment that it entered on July 19, 2011. See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988) (district court "should ordinarily make specific findings setting forth the reasons" for entry of judgment pursuant to Rule 54(b)).  The parties have submitted joint proposed findings to support the entry of judgment, pursuant to Fed. R. Civ. P. 54(b), which I adopt.

                                1

The environmental site that was the subject of the Judgment, the Commercial Point site claim, was the second environmental site that the parties tried to verdict. The first site that was tried, the Everett site claim, previously was appealed directly to the First Circuit pursuant to Rule 54(b). The First Circuit issued significant rulings on the Everett appeal, see Boston Gas Co. v. Century Indem. Co., 529 F. 3d 8 (1st Cir. 2008), and certified to the Supreme Judicial Court ("SJC") the important issue of how a claim that implicates multiple years should be allocated among those years. The SJC's ruling on that issue, Boston Gas v. Century Indem. Co., 454 Mass. 337, 910 N.E. 2d 290 (Mass. 2009), along with the First Circuit's prior decision, enabled this Court to make certain rulings on remand, and facilitated a settlement of the Everett site claim.

Guided in part by the First Circuit's 2008 Decision, and the SJC's allocation ruling, this Court issued a Memorandum and Order on June 28, 2011, which resolved most of the remaining issues with respect to the Commercial Point site. This Court vacated the jury's findings related to the owned property exclusion and ordered a new trial on that sole issue. Based on this Court's allocation ruling, the ultimate amount in controversy would have been less than $200,000, including interest. Boston Gas then moved for a Rule 54(b) judgment on July 8, 2011, on several grounds, including that the amount remaining for trial was

minimal, and that this Court's ruling in the June 28, 2011 Memorandum and Order concerning the scope of the owned property exclusion essentially had determined the outcome of the retrial. Based on the Court's prior rulings, Boston Gas noted that it would not contest the owned property exclusion issue at the new trial, but would instead appeal this Court's order granting a new trial. On July 15, 2011, Boston Gas and Century submitted a stipulation for entry of a Rule 54(b) judgment, attaching the proposed Judgment that this Court entered on July 19, 2011.

Although there are 27 sites remaining in the litigation, it is not clear that there will be the need for a trial for any of the other 27 sites at issue in this action.

An appeal of the judgment concerning the Commercial Point site now will implicate issues that will affect both the Commercial Point claim, and a number of the remaining 27 sites. These issues include the application of the SJC's ruling on allocation, including which party has the burden of proof with respect to the alleged years of the property damage and how that burden may be satisfied, and how contamination of the air affects the owned-property exclusion. Appellate resolution of these issues will assist with resolution of not only the Commercial Point site but also the remaining 27 sites.

Based on Boston Gas' motion for a Rule 54(b) judgment, this Court understands that some of the additional issues that Boston Gas intends to raise on appeal will affect only the Commercial

3

Point site. Nonetheless, the issues set forth above will assist the resolution of the remaining 27 sites in dispute. In the context of the Everett site claim, the First Circuit agreed with this Court's determination that each Boston Gas environmental site is a separate claim, and that a Rule 54(b) judgment is appropriate once the legal and factual issues have been resolved for each site: "[a]ll issues raised concerning the Everett site have been resolved by the jury and the court, and no reason exists why judgment as to this site should be delayed." See Boston Gas Co. v. Century Indemnity Co., No. 02-12062-RWZ, 2006 WL 1738312 *5 (D. Mass. 2006); rev'd in part affd in part, 588 F.3d 20 (1st Cir. 2009); Boston Gas Co. v. Century Indem. Co., 529 F.3d 8 (1st Cir. 2008). The same rationale applies to Boston Gas' Commercial Point claim. Resolving the Commercial Point appeal now will save time, conserve judicial resources, and likely expedite resolution of the remaining sites at issue in this matter. Thus, "an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances" counsels in favor of the entry of the Judgment entered on July 19, 2011. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).

      /s/ PATTI B. SARIS
      PATTI B. SARIS