UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a/ KEYSPAN ENERGY DELIVERY, NEW ENGLAND | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL NO. 02-12062-PBS ) |
| CENTURY INDEMNITY COMPANY | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

September 26, 2013

Saris, C.J.

## I. Introduction

According to the Joint Status Report submitted to the Court on July 24, 2013, the parties have agreed to settle this action. The parties have asked the Court to resolve their remaining disputed issue, involving Century Indemnity Company's obligation to pay prejudgment interest on certain costs incurred by Boston Gas Company between 2007 and 2010. The Court concludes that since Century never refused Boston Gas's demand for payment, Century is not obligated to pay prejudgment interest on these costs.

## II. Procedural Background

The First Circuit provided a comprehensive history of the long and winding road of litigation between these parties in its 2013 decision. Boston Gas Co. v. Century Indem. Co., 708 F.3d

1

254, 257-58 (1st Cir. 2013). The Court will recount an abbreviated version here. Boston Gas sought indemnification from Century for costs incurred in remediating environmental contamination at its former manufactured gas plant sites, including the Everett and Commercial Point sites. A trial on claims involving the Everett site took place in 2005. The jury entered a verdict in favor of Boston Gas in the amount of $6.1 million in past remediation expenses at the Everett site, and the district court entered a declaratory judgment obligating Century to pay all future costs associated with the cleanup of the Everett site.

After a nine-day trial in 2007 on claims involving the Commercial Point site, a second jury returned a verdict in favor of Boston Gas for approximately $1.7 million to remediate the Commercial Point site. The Court deferred ruling on post-trial motions and entry of final judgment pending the outcome of the parties' appeal of the Everett site trial. See Boston Gas Co. v. Century Indem. Co., 588 F.3d 20, 23 (1st Cir. 2009); Boston Gas Co. v. Century Indem. Co., 454 Mass. 337 (2009); Boston Gas Co. v. Century Indem. Co., 529 F.3d 8, 22 (1st Cir. 2008). Following the conclusion of the Everett appeal, this Court resolved the pending Commercial Point post-trial motions on June 28, 2011 (Docket 751) and entered judgment on July 19, 2011 (Docket 748).

The First Circuit affirmed the Commercial Point judgment in 2013. <u>Boston Gas</u>, 708 F.3d at 269.

The parties submitted a Stipulation and Order of Dismissal to this Court on July 24, 2013 (Docket 778). The accompanying Joint Status Report (Docket 777) stated that the drafted Stipulation and Order represented the parties' agreement to dismiss this action and the companion action entitled <u>Boston Gas Company D/B/A National Grid v. Century Indemnity Company</u>, Civ. Action No. 07-10701-PBS, subject to the Court's resolution of the disputed prejudgment interest issue.

### III. Factual Background

In March 2010, Boston Gas presented Century with invoices for payments made on Commercial Point after the jury's 2007 verdict. ("New Invoices"). The New Invoices represented over $4.8 million in additional costs incurred during the ongoing investigation and remediation of Commercial Point. Pl. Mem., Ex. B. As of March 24, 2010, Boston Gas had submitted the invoices to Century, but had not provided Century with supporting documentation for the costs. <u>Id.</u> On March 24, 2010, Century sent Boston Gas a letter confirming "Century's agreement to pay these additional costs . . . conditioned upon its receipt of sufficient backup documentation and audit." <u>Id.</u> Century proffers that it received supporting documentation from Boston Gas in April 2010. Def. Mem. at 1.

Century presented Boston Gas with payment for its *pro rata* share of the New Invoices on December 23, 2010. Pl. Mem., Ex. B. In making this payment, Century incorrectly calculated its *pro rata* share at 14.5%. This Court's 2011 Judgment determined that Century's pro rata share was 14.9%. Judgment, July 19, 2011, ¶ 7 (Docket 748). Century has agreed to pay this shortfall, which totals approximately $28,500. Def. Mem. at 1 n.1. Although Century has paid prejudgment interest on other payments related to this litigation, Century did not pay any prejudgment interest on its *pro rata* share of the New Invoices. See Def. Supplemental Mem. in Supp. of Mot. for Entry of J. on Commercial Point, at 27 n.45 (Docket 725); Pl. Mot., Ex. B, at 2.

## IV. Discussion

Boston Gas seeks interest on this payment pursuant to Mass. Gen. Laws ch. 231, § 6C, which governs prejudgment interest in contract actions. The statute provides that interest shall be added "upon a verdict, finding or order for judgment" at either the rate established in the contract or the statutory rate of 12% per year, calculated from "the date of the breach or demand." "The plain language of chapter 231, section 6C establishes conclusively that it is to govern the award of prejudgment interest in contractual disputes," including disputes resolved in whole or part through a declaratory judgment. Comm. Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 775 (1st Cir. 1994). Since

4

Century's obligation to indemnify Boston Gas for the New Invoices stems from the declaratory judgment[1] issued by the Court in July 2011 in accordance with the jury's 2007 verdict, Section 6C is generally applicable to any appropriate demand for payment which Century refuses to pay.

Nevertheless, the Court concludes that Boston Gas is not entitled to Section 6C prejudgment interest on the December 2010 payment because Boston Gas has not established that Century ever refused to pay for its share of the New Invoices. The right to prejudgment interest does not attach absent an "unequivocal demand for payment" and refusal to pay. Boston Gas, 529 F.3d at 22 (internal quotations omitted). On the parties' first trip up the appellate ladder, the First Circuit held that prejudgment interest should be calculated from the date Boston Gas filed suit, not the earlier dates when the costs were incurred, reasoning that "until [Boston Gas filed] suit, there was never a refusal to pay any invoice, specifically or categorically." Id.; see also Foley v. City of Lowell, 948 F.2d 10, 17-18 (1st Cir. 1991) (noting judicial discretion to adjust award of prejudgment interest where a prevailing party was responsible for delay).

---

[1] This declaratory judgment entitles Boston Gas to *pro rata* indemnification for "reasonable and necessary future investigation and/or remediation costs" related to the Commercial Point damage. Judgment, July 19, 2011, ¶ 7 (Docket 748), aff'd, Boston Gas Co. v. Century Indem. Co., 708 F.3d 254 (1st Cir. 2013).

Though Century was aware of the "potential for claims" after the jury's verdict in 2007, Century couldn't be expected to honor a request for payment of the New Invoices until Century tendered a demand. Boston Gas, 529 F.3d at 22. According to the documentation provided by the parties, that demand occurred sometime in March 2010, when Boston Gas submitted the New Invoices for reimbursement. The December 23, 2010 letter asserts that Century agreed to pay its share of the New Invoices on March 24, 2010, shortly after Boston Gas submitted the New Invoices to Century. Century's letter to Boston Gas states: "As per my March 24, 2010 letter, Century has agreed to pay its pro rata share of covered costs on outstanding invoices that Boston Gas claimed it had incurred" in connection with the cleanup at Commercial Point. Pl. Mem., Ex. B (emphasis added). Century ultimately submitted payment in December 2010, after reviewing backup documentation from Boston Gas and conducting an audit of the materials. Boston Gas has not argued that Century unreasonably delayed payment during the months Century reviewed the submitted invoices, which concerned a three-year time and approximately $4.8 million in payments.

Boston Gas is not entitled to prejudgment interest on Century's December 2010 payment in satisfaction of its *pro rata* share of the New Invoices. Prejudgment interest at the statutory rate of 12% does apply to the portion of the New Invoices which

Century still owed Boston Gas after December 2010. See supra n.1. Prejudgment interest on this remaining amount will run from December 23, 2010 until the date of payment. Going forward, the Court adopts the parties' agreement that Century shall have 90 days to review invoices before it is obligated to pay, unless Century shows good cause for additional time.

The Court hereby **ORDERS** the parties to provide the Court with a revised Stipulation and Order for Dismissal within seven (7) business days.

 /s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge